UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THOMAS CRAYTON,
                Plaintiff

v.                                                            Civil Action Number
                                                                          3:06CV432-J

MICHAEL J. ASTRUE, Commissioner,
   Social Security Administration,
                         Defendant

## MEMORANDUM OPINION

       This matter is before the Court on plaintiff Thomas Crayton's request for review of the decision of the defendant Commissioner denying his claim to Supplemental Security Income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

       Plaintiff filed his application on June 24, 2004, alleging that he had been unable to engage in any substantial gainful employment since January of 2003. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Crayton's status post gunshot injury to the right thigh and pancreatitis status post gallbladder removal were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that Mr. Crayton had the residual functional capacity for a significant range of light work, and identified job that Mr. Crayton could perform.

       The task of this Court on appellate review is to determine whether the administrative

proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. N.L.R.B. v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Crayton's only contention is that the decision was flawed by legal error in that the ALJ failed to accord the appropriate weight to the opinion of a treating physician. The opinion to which Mr. Crayton refers is Dr. Jerry Smith's response to an August 2005 inquiry from the Kentucky Department for Community Based Services. Dr. Smith checked a box marked "The patient is permanently and totally disabled and will never be gainfully employed." Dr. Smith provided no explanation. Tr. 192.

A treating physician's opinion on *medical* matters receives special attention in disability proceedings. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p. Nonetheless, it remains the case that a physician's opinion on *legal* matters is entitled to no special weight at all.

An opinion as to "total disability," accompanied by no medical information at all, is an opinion on a legal issue, and is not entitled to special treatment. Warner v. Commissioner, 375 F.3d 387 (6th cir. 2004); Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986). The finding of disability is to be made by the Commissioner, not by a physician. 20 C.F.R. Sec. 404.1527(e)(2).

Significantly, the ALJ did not question the matters as to which the treating physicians *did* express an opinion, i.e., the diagnosis of pancreatitis, but that diagnosis does not, standing alone, establish functional limitations. Mr. Crayton is not able to point to any treating physician's opinion or office note imposing any specific functional restrictions that might limit Mr. Crayton's ability to do work-related tasks. Indeed, the office note from the same day as the conclusory "opinion" records Dr. Smith's observation of slight amylase elevation, no severe tenderness, and the need for only ibuprofen to control pain. Tr. 193. Where no medical opinion has been proffered, there is no obligation for the ALJ to explain why it is not controlling. The Court finds no error in the failure of the ALJ to provide specific justification for disregarding Dr. Smith's bare and unsupported statement of "disability."

An order in conformity has this day entered.